IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| VINCENT A. MANIGAN, | ) |
| Petitioner, | ) ) ) |
| v. | ) ) Civil Action No. 5:06-00350 |
| CHARLES T. FELTS, Warden, | ) ) ) |
| Respondent. | ) |

**PROPOSED FINDINGS AND RECOMMENDATION**

On May 12, 2006, Petitioner, acting *pro se*, and then incarcerated at FCI Beckley, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 and Brief in Support, seeking to challenge his sentence computation.[1] (Doc. Nos. 1 and 2.) Petitioner, a D.C. Code offender,[2] contends that he has not been given credit toward the non-mandatory portion of his sentences, pursuant to D.C. Code §§ 24-428 and 24-429, for education and meritorious good time earned throughout his incarceration, and therefore, the computation of his sentence is in error. (Id. at 7.)

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer, and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 94, 30 L.Ed.2d 652 (1972).

[2] In September, 1995, Petitioner plead guilty to one count of distribution and one count of possession with intent to distribute in the District of Columbia Superior Court. (Doc. No. 2 at 3.) He was sentenced in May, 1996, to a term of imprisonment of six to eighteen years, with a four-year mandatory minimum sentence for one count of possession with intent to distribute, to run consecutive to a term of imprisonment of six to eighteen years, with a four-year mandatory minimum for one count of possession, for a total sentence of 12 to 36 years of imprisonment. (*Id.*) In May, 1997, Petitioner was transferred from the D.C. Department of Corrections to a contract facility in Youngstown, Ohio. (*Id.*) In October, 2000, he was transferred to Greensville Correctional Center, in Jarrett, Virginia, and was then transferred to FCI Beckley, Beaver, West Virginia, in July, 2002. (*Id.*)  By letter dated October 26, 2006, Petitioner advised the Court that he had been transferred to Rivers Correctional Institution, in Winton, North Carolina, where he currently is confined. (Doc. No. 4.)

While his Petition was pending before this Court, Petitioner notified the Court that he had been transferred to Rivers Correctional Institution in Winton, North Carolina. (Doc. No. 4.)

By Standing Order filed on May 12, 2006, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Doc. No. 3.) Having fully examined the record in this case, the undersigned recommends that the District Court **TRANSFER** this matter to the United States District Court for the Northern District of North Carolina.

## ANALYSIS

Under 28 U.S.C. § 2241(a), district courts are limited to granting *habeas* relief "within their respective jurisdictions" which requires "nothing more than . . . hav[ing] jurisdiction over the custodian." Braden v. 30th Judicial Circuit Court of KY, 410 U.S. 484, 495, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973). Therefore, "[w]henever a § 2241 habeas petitioner seeks to challenge his present physical custody . . . , he should name his warden as respondent and file the petition in the district of confinement." United States v. Little, 392 F.3d. 671, 680 (4th Cir. 2004) (*citing* Rumsfeld v. Padilla, 542 U.S. 426, 47, 124 S.Ct. 2711, 2724, 159 L.Ed.2d 513 (2004)). In cases where "the Government moves a habeas petitioner after [he] properly files a petition naming [his] immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release." Rumsfeld, 542 U.S. at 441, 124 S.Ct. at 2721 (*citing* Ex parte Mitsuye Endo, 323 U.S. 283, 65 S.Ct. 208, 89 L.Ed. 243 (1944)).[3] Under these circumstances, the District Court "may consider traditional venue principles

---

[3] This Court has previously disagreed with other courts that have found that a district court's jurisdiction is solely determined at the time of the filing of the § 2241 petition because "those courts have done so without explaining how the decision to retain the petition reconciles with *Padilla's*

and has 'the authority to transfer the petition' to the appropriate district." Wilkes v. Anderson, 2007 WL 580000, *1 (S.D. W.Va. Feb. 20, 2007) (*citing* Rumsfeld, 542 U.S. at 464 n.7 (Stevens, J., dissenting)).

In this case, Petitioner filed his § 2241 Petition while incarcerated at FCI Beckley in Beaver, West Virginia, and named the Warden of FCI Beckley as Respondent.[4] Thus, venue and jurisdiction was proper in this District Court. While Petitioner's § 2241 Petition was pending before this Court, however, he was transferred to Rivers Correctional Institution, which is located in Hertford County, North Carolina. By virtue of Petitioner's transfer, the warden of FCI Beckley does not have the legal authority to effectuate Petitioner's release from Rivers Correctional Institution. Pursuant to 28 U.S.C. §1406(a), when venue is improper in the District Court where an action is brought, the Court may dismiss, or in the interest of justice, transfer the action to a District where the action could have been brought.[5] Accordingly, the undersigned must consider the sufficiency of Petitioner's claims to determine whether dismissal or transfer to the jurisdiction who has legal authority to effectuate

---

requirement that the court have jurisdiction over a respondent who has legal authority to 'effectuate the prisoner's release.'" *Wilkes v. Anderson*, 2007 WL 580000, *1, n.1 (S.D.W.Va. Feb. 20, 2007). The *Wilkes* Court explained that "given the language in *Padilla*, jurisdiction is still based upon a court's power over a respondent who has legal authority to 'effectuate the prisoner's release.' A court's jurisdiction is not solely dependent on whether it had jurisdiction when the petitioner filed his or her case." *Id.* Although the undersigned notes that Petitioner has filed a Motion to Amend seeking to name Devon Brown, Director of D.C. Department of Corrections, as an additional respondent (Doc. No. 5.), it does not appear that Devon Brown is a proper respondent. Furthermore, it does not appear that this Court would have jurisdiction over Devon Brown as Director of the D.C. Department of Corrections.

[4] The undersigned notes that Respondent Charles T. Felts was the acting Warden of FCI Beckley at the time Petitioner filed his Petition and that T. R. Craig now serves in that position.

[5] Pursuant to 28 U.S.C. § 1404(a), the Court "may transfer any civil action to any other district or division where it might have been brought" for the convenience of the parties and witnesses, in the interest of justice. 28 U.S.C. § 1404(a).

Petitioner's release is required.

Inmates incarcerated in federal prisons who seek to attack the computation of their sentences may do so under 28 U.S.C. § 2241. To prevail, they must show that their claims raise constitutional issues and that the resolution of the issues in their favor can affect the length of the term of their incarceration. Petitioner can, therefore, state a claim under § 2241 based upon an alleged refusal to award him educational and meritorious good time credit which might result in his remaining incarcerated for a period longer than is legally justifiable. First, however, Petitioner must demonstrate that he has exhausted administrative remedies before he is entitled to seek *habeas* relief. See Pelissero v. Thompson, 170 F.3d 442, 445 (4th Cir. 1999); Lyons v. United States Marshals, 840 F.2d 202 (3d Cir. 1988); Veteto v. Miller, 794 F.2d 98 (3d Cir. 1986).

On August 5, 1998, (after the Petitioner's convictions in September, 1995, and sentences in May, 1996) the District of Columbia [D.C.] Board of Parole was abolished and the United States Parole Commission [USPC] was vested with the sole authority to administer the D.C. parole system. See The National Capital Revitalization and Self-Government Improvement Act of 1997, Pub. L. No. 105-33, § 11231(a)(1), 111 Stat. 712, 745, codified at D.C. Code § 24-131(a)(1)(2001)("Not later than one year after August 5, 1997, the United States Parole Commission shall assume the jurisdiction and authority of the Board of Parole of the District of Columbia to grant and deny parole . . ..:").Thus, the USPC is responsible for making parole release decisions for all eligible D.C. Code felony offenders including Petitioner. The USPC must follow the parole laws and rules of the District of Columbia as amended and supplemented by the USPC. The USPC has amended the parole rules and guidelines of the District of Columbia. See 28 C.F.R. §§ 2.80, et seq.; see also Muhammad v. Mendez, 200 F.Supp.2d 466, 469-70 (M.D. Pa. 2002). The USPC has prescribed the

procedure it employs with respect to D.C. Code offenders at 28 C.F.R. §§ 2.70, *et seq.*

Petitioner asserts in his § 2241 Petition that he has exhausted all administrative remedies. (Doc. No. 1 at 5.) He attaches to his Brief in Support of § 2241 Petition copies of administrative remedy forms and responses filed with the Federal Bureau of Prisons. (Doc. No. 2, Exhibit 1 at 39-49.) However, he does not indicate whether he exhausted the administrative remedy process with the United States Parole Commission, and the undersigned is unable to determine from Petitioner's sentence computation sheets whether he has received an initial parole hearing. Petitioner's sentence computation as of February 9, 2004, indicates that his "next parole hearing date" is in November, 2008. (Id. at 51.) The sentence computation as of April 7, 2006, however, indicates that Petitioner's "next parole hearing date" is "unknown." In view of these circumstances, the undersigned is unable to determine whether Petitioner was required to exhaust his administrative remedies with the United States Parole Commission (i.e., whether the United States Parole Commission has calculated his sentence, as opposed to the Federal Bureau of Prisons), and if so, whether he has done so. Accordingly, the undersigned does not recommend dismissal of Petitioner's § 2241 Petition on grounds of exhaustion, and proceeds to consider the merits of Petitioner's claims.

District of Columbia Code § 24-221.01, formerly § 24-429, entitles inmates to receive three to five days a month of educational good time credit contingent upon their good conduct and completion of certain programs.[6] Educational good time credit is applied to the eligibility and

---

[6] District of Columbia Code § 24-221.01 provides as follows:

(a) Every person whose conduct complies with institutional rules and who demonstrates a desire for self-improvement by successfully completing an academic or vocational program, including special education and Graduate Equivalency Diploma programs, shall earn educational good time credits of no less than 3 days a month and not more than 5 days a month. These credits shall not be awarded until

mandatory dates for release on parole. Likewise, D.C. Code, entitles inmates to credit contingent upon their "performing exceptionally meritorious service or performing duties of outstanding importance in connection with institutional operations."[7] Educational and meritorious good time credits however, may not reduce an inmate's sentence by more than fifteen percent.[8] D.C. Code § 24-221.01b. Petitioner contends that Respondent, essentially the Federal Bureau of Prisons, has refused to award him educational good time credit under D.C. Code § 24-221.01, and meritorious good time credit under D.C. Code § 24-221.01a, toward the minimum, non-mandatory portion of his term of imprisonment.

Petitioner attaches to his Brief in Support of § 2241 Petition, "Sentence Monitoring" and computation sheets as computed on February 9, 2004, July 20, 2005, and April 7, 2006. (Doc. No.

---

completion of the academic or vocational program.

(b) Educational good time credits authorized by the provisions of this sectional shall be applied to the person's minimum term of imprisonment to determine the date of eligibility for release on parole and to the person's maximum term of imprisonment to determine the date when release on parole becomes mandatory.

[7] District of Columbia Code § 24-221.01a provides as follows:

(a) In the discretion of the Director of the Department of Corrections, a prisoner may be allowed meritorious good time credit for performing exceptionally meritorious service or performing duties of outstanding importance in connection with institutional operations.

(b) Meritorious good time credits authorized by this section shall be applied to the person's minimum term of imprisonment to determine the date of eligibility for release on parole and to the person's maximum term of imprisonment to determine the date when release on parole becomes mandatory.

[8] The undersigned notes that Federal Bureau of Prisons Program Statement No. 5880.32, contains the manual for computing sentences of D.C. Code Offenders, and can be found on the Federal Bureau of Prisons' website, www.bop.gov/ policy/progstat/5880_32.

2, Exhibit 1 at 51-55.) Regarding educational credits, the 2005 computation of Petitioner's sentence indicates that he was awarded 45 days of D.C. education credits for a total "EGT" of 200. (Id. at 52.) The 2006 computation, however, lists the 45 day award of education credits, but does not indicate that the credits were applied to his sentence. (Id. at 53.) In addition to the credit indicated, Petitioner asserts that he did not receive education credits for certain programs completed throughout his term of incarceration. (Doc. Nos. 1 and 2 at 7.) Regarding meritorious good time credit, the 2004 and 2006 sentence computations indicate that Petitioner is earning statutory good time at a rate of "10" for a possible total of 4,320 days. (Doc. No. 2, Exhibit 1 at 51, 54.) The 2005 and 2006 sentence computations indicate that he was not awarded any other extra good time lump sum awards. (Id. at 52, 53.) Having no indication of Petitioner's entitlement to additional good time credits, the undersigned finds that the transfer of this matter to the Northern District of North Carolina is necessary to direct a response to Petitioner's § 2241 Petition and for proper consideration of Petitioner's claims.

### PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal analysis and **RECOMMENDED** that the District Court **TRANSFER** this matter to the United States District Court for the Eastern District of North Carolina, Northern Division.

The parties are hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Thomas E. Johnston. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have three days

(mailing/service) and then ten days (filing of objections) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155, 106 S.Ct. 466, 475, 88 L.Ed.2d 435 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.) cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984). Copies of such objections shall be served on opposing parties, Judge Johnston, and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to send a copy of the same to counsel of record and to Petitioner, who is acting *pro se*.

DATE: August 8, 2007.

R. Clarke VanDervort
United States Magistrate Judge